## No. 4812.

## STATE OF LOUISIANA *v.* AUSTIN E. SMITH.

Where the assignment of error is that the judge *a quo* erred in overruling the motion of defendant to quash the panel of tales jurors, because they were selected by the sheriff and not drawn from the list of registered voters as the regular panel, it was

Held—That the facts, as to this matter, having not been brought up in a bill of exceptions, it must be presumed that the judge and sheriff did their duty. But this court can properly state in this connection that talesmen are not regular jurors and are not to be drawn and summoned as such. They are necessarily to be summoned without observing the formalities of drawing and summoning the regular panel.

Where the indictment recites that the grand jurors were duly impanneled and sworn, if it be sacramental for the expression, "upon their oath present, etc.," to be used, this court has no doubt it was so used—the whole of said expression being in the transcript, except the word "oath"—which is necessarily a clerical error.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. Criminal case. *A. P. Field,* Attorney General, for the State. *S. Belden,* for defendant and appellant.

HOWELL, J. The defendant having been indicted for murder and found guilty of manslaughter, has appealed from the judgment sentencing him to imprisonment for five years at hard labor in the State penitentiary, and has assigned as error:

"*First*—That the judge *a quo* erred in overruling the motion of defendant to quash the panel of tales jurors selected by the sheriff."

The ground of the motion, as copied in the record, was that the said tales jurors were selected by the sheriff, and were not drawn from the list of registered voters as the regular panel was. The facts, as to

this matter, are not brought up in a bill of exceptions, and we should presume that the judge and sheriff did their duty. But we can properly state in this connection that talesmen are not regular jurors and are not to be drawn and summoned as such. They are, necessarily to be summoned without observing the formalities of drawing and summoning the regular panel.

" *Second*—That the indictment is insufficient in this, that it does not. appear to be presented on the oath of the grand jury."

The indictment recites that the grand jurors were duly impanneled and sworn, and if it be sacramental for the expression, " upon their oath present, etc.," to be used, we have no doubt it is so used; the whole of said expression being in the transcript except the word " oath," which is necessarily a clerical error in copying. We can make no other rendering of the paragraph.

Judgment affirmed.

Rehearing refused.